UNITED STATES DISTRICT COURT
EASETERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**ANDREW HESS,**

    Plaintiff,   Case No:

v.   Hon.

**POSITIVE ENERGY FLEET, LLC**

    Defendant

---

**GASIOREK, MORGAN, GRECO, McCAULEY & KOTZIAN, PC**
Gregory A. Jones (P75318)
Attorneys for Plaintiff
30500 Northwestern Hwy, Ste 425
Farmington Hills, MI 48334
P: 248-865-0001
F: 248-865-0002
gjones@work-lawyers.com

---

PLAINITFF'S COMPLAINT

PLAINTIFF, ANDREW HESS, by and through his attorneys, GASIOREK, MORGAN, GRECO, McCAULEY & KOTZIAN, hereby brings this Complaint against Defendant, POSITIVE ENERGEY FLEET, LLC, and makes the following allegations:

**INTRODUCTION**

1. This claim is brought pursuant to 29 U.S.C. §216(b) arising from Defendant's willful violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

## JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction of Plaintiff's FLSA claim pursuant to 28 U.S.C. § 1331 because Plaintiff's claim raises a federal question under 29 U.S.C. § 201, *et seq.*

3. Additionally, this Court has jurisdiction over Plaintiff's FLSA claim pursuant to 29 U.S.C. §216(b) which provides that suit under the FLSA "may be maintained against any employer… in any Federal or State court of competent jurisdiction."

4. This court has personal jurisdiction over Defendant because at all relevant times it has done business within the State of Michigan. Furthermore, at all relevant times Defendant employed Plaintiff in the State of Michigan.

5. Venue is proper in this District pursuant to 28 U.S.C. §1391(B) because Defendant resides in this district, employs individuals in this District, and a substantial portion of the events that give rise to Plaintiff's claims occurred in this District.

## PARTIES

6. Plaintiff, ANDREW HESS (hereinafter, "HESS") is an individual with a principal place of residence in the City of Livonia, County of Wayne, State of Michigan.

7. Defendant, POSITIVE ENERGY FLEET, LLC (hereinafter, "PE"), is a Domestic Limited Liability Company, incorporated under the laws of the State of Michigan, with its headquarters in the Charter Township of Oxford, County of Oakland, State of Michigan.

8. PE is a utilities contractor that specializes in Horizontal Directional Drilling and primarily operates in the Metro Detroit area.

## GENERAL ALLEGATIONS

9. The FLSA applies in this case on an enterprise basis.

10. Defendant's annual sales exceed $500,000.00

11. At all relevant times, Defendant had more than two employees engaged in interstate commerce.

12. During his employment, HESS also engaged in interstate commerce and therefore he is also covered by the provisions of the FLSA on an individual basis.

13. PE hired HESS on or about August 7, 2018.

14. PE ostensibly hired HESS to serve as its Chief Operations Officer, though, as described more fully herein, his role primarily did not rise to the level of an executive employee as defined by the FLSA.

15. HESS's primary duties did not include the exercise of discretion and independent judgment with respect to matters of significance while employed with PE.

16. For example, HESS was frequently tasked with working on job sites, engaging in manual labor, spotting utilities, digging holes, and running miscellaneous errands.

17. During all relevant times, PE paid HESS on an hourly basis.

18. HESS regularly worked over 40 hours per week during the course of his employment with PE.

19. For example, on or about February 13 and 14, 2019, HESS worked over 29 hours in the course of two days.

20. As an additional example, during the week of May 13, 2020 through May 19, 2020 HESS was assigned to a job site where employees assigned thereto worked up to 17 hours of overtime. The average amount of overtime incurred for all employees at the site during this time was over 7 hours. HESS performed more than the average amount of overtime during this period.

21. HESS averaged at least 10 hours of overtime per week during his employment with PE.

22. At all times relevant, PE failed to compensate HESS for any of the time he worked beyond 40 hours in a given week.

23. On or about September 11, 2020, PE informed HESS that it was unilaterally altering his hourly wage to comport with the union rate for a foreperson.

24. PE's alteration of HESS's compensation was based upon either the quantity or quality of the work performed.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## 29 U.S.C. § 201, *et seq.*, - FAILURE TO PAY OVERTIME

25. Plaintiff re-alleges and incorporates the preceding paragraphs as though more fully set forth herein.

26. At all times relevant to this action, Defendant was an employer as defined by 29 U.S.C. § 203(d) of the FLSA, subject to the provisions of 29 U.S.C. § 201 *et seq.*

27. Defendant is engaged in interstate commerce, or in the production of goods for commerce, as defined by the FLSA.

28. At all relevant times, Plaintiff was an "employee" of Defendant, within the meaning of 29 U.S.C. § 203(e)(1) of the FLSA.

29. Plaintiff either (1) engaged in commerce, or (2) engaged in the production of goods for commerce; or (3) were employed in an enterprise engaged in commerce or in the production of goods for commerce.

30. Defendant has had, and continues to have, an annual gross business volume in excess of $500,000.00.

31. At all times relevant to this action, Defendant "suffered or permitted" Plaintiff to work and thus "employed" him within the meaning of 29 U.S.C. §203(g) of the FLSA.

32. At all times relevant to this action, Defendant compensated Plaintiff on an hourly basis.

33. Defendant failed to pay Plaintiff overtime premiums, as required by Section 7 of the FLSA, 29 U.S.C. §207(a)(1).

34. In workweeks where Plaintiff worked 40 hours or more, hours should have been paid by Defendant at the federally mandated rate of 150% of Plaintiff's regular hourly wage, 29 U.S.C. §207(a)(1), but were not.

35. Defendant's violations of the FLSA were knowing and willful. Defendant knew or could have easily determined whether Plaintiff was exempt from overtime and could have easily determined the number of overtime hours worked, but instead directed Plaintiff to falsify his time

records in order to avoid paying overtime pursuant to the mandates of the FLSA.

36. The FLSA, 29 U.S.C. § 216(b) provides that as a remedy for a violation of the Act, an employee is entitled to his or her unpaid wages (and unpaid overtime, if applicable), plus an additional equal amount in liquidated damages, plus costs and reasonable attorney's fees.

## RELIEF REQUESTED

WHEREFORE, Plaintiff, ANDREW HESS, respectfully requests this Honorable Court enter an Order for the following relief:

A. Granting judgment in favor of Plaintiff and against Defendant and awarding Plaintiff the full amount of damages and liquidated damages available by law;

B. Awarding reasonable attorney's fees and costs incurred by Plaintiff in filing this action as provided by the FLSA;

C. Awarding pre- and post-judgment interest to Plaintiff on the aforementioned damages; and

D. Awarding such other and further relief as this Court deems appropriate.

## JURY DEMAND

Plaintiff, ANDREW HESS, by and through his attorneys, GASIOREK, MORGAN, GRECO, McCAULEY & KOTZIAN, P.C., hereby demands a trial

by jury pursuant to Rule 30 of the Federal Rules of Civil Procedure and the court rules and statues made and provided with respect to the above-entitled cause.

          Respectfully submitted,
          GASIOREK, MORGAN, GRECO,
          McCAULEY & KOTZIAN, P.C.,

          _____
          Greg Jones (P75318)
          Attorneys for Plaintiff
          30500 Northwestern Hwy, Ste 425
          Farmington Hills, MI 48334
          (248) 865-0001
Dated: February 3, 2021   gjones@gmgmklaw.com